CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 19 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JACOB E. FRITH, II; | ) |
| and | ) Civil Action No. 4:05CV00074 |
| JAMES B. FRITH, JR.; | ) |
| and | ) |
| FRITH CONSTRUCTION CO., INC.; | ) **MEMORANDUM OPINION** |
| and | ) |
| JAMES B. FRITH, JR. & ASSOCIATES, LLP; | ) |
| and | ) By: James C. Turk<br>Senior United States District Judge |
| GREAT NORTHERN NEKOOSA CORPORATION, a Maine Corp. doing business as J&J South-East, Inc., | ) |
| Plaintiffs, | ) |
| v. | ) |
| MARTINSVILLE THERMAL, LLC, a Delaware Limited Liability Company; | ) |
| and | ) |
| THERMAL VENTURES, INC., a Delaware Corporation; | ) |
| and | ) |
| THERMAL VENTURES, L.P., a Delaware Limited Partnership; | ) |
| and | ) |

| | |
|---|---|
| THERMAL VENTURES, II, L.P., <br> a Delaware Limited Partnership; <br> <br> and <br> <br> HOOKER FURNITURE CORP.; <br> <br> and <br> <br> RESURGENCE PROPERTIES, LLC; <br> <br> and <br> <br> EJS COMPANY, <br> <br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

In this action for declaratory judgment, plaintiffs seek damages and to extinguish a steam easement on their property held by defendant Martinsville Thermal, LLC. The Thermal defendants removed this action from Virginia state court. This matter is before the court on plaintiffs' motion to remand for lack of complete diversity among the parties; and Thermal defendants' motion to realign as plaintiffs the nominal Virginia company defendants Hooker Furniture Corporation (Hooker), Resurgence Properties, LLC (Resurgence), and EJS Company (EJS) for purposes of federal diversity jurisdiction. Additionally, in their pleadings the parties disagree on the citizenship of Martinsville Thermal, LLC. Upon consideration of the parties' briefs and oral arguments, the court finds that realignment of the nominal defendants is proper; and that Martinsville Thermal, LLC, is not a Virginia citizen. Therefore, the court will deny plaintiffs' motion to remand, and will grant Thermal defendants' motion to realign the nominal defendants as plaintiffs.

I.

The facts alleged and arguments set forth by the parties are as follows. The steam easement is owned by Martinsville Thermal, LLC, and is for the purpose of maintaining a steam distribution and condensate return system to serve businesses and manufacturing facilities in an industrial park in Henry County, Virginia. The easement traverses the property of plaintiffs' and nominal defendants' Hooker Furniture Corporation, Resurgence Properties, LLC, and EJS Company.

In 2004 Martinsville Thermal notified plaintiffs by letter that they intended to discontinue the provision of steam to plaintiffs. Following this, the purpose for which the easements were granted had ceased and steam was no longer produced by Martinsville Thermal. As a result of Martinsville Thermal's actions, plaintiffs were forced to spend money on an emergency basis to attain steam power. Plaintiffs state that because the steam pipes and related easements traverse the property of Hooker, Resurgence, and EJS, they are necessary defendants. Among other relief, plaintiffs seek to extinguish the easement.

Thermal defendants removed the action to this court and requested that the three servient tenement nominal defendants be realigned for diversity jurisdictional purposes because they are Virginia business entities. In state court, Hooker, Resurgence, and EJS answered plaintiffs' petition by requesting that the court extinguish the easement.

The parties have briefed these issues and a hearing was held on March 15, 2006. Plaintiffs do not object to the realignment of nominal defendants as plaintiffs, but claim that realignment neither creates nor destroys diversity because Martinsville Thermal is a Virginia citizen under the corporate citizenship tests.

Thermal Defendants respond that plaintiffs make no allegations of wrong-doing by the

3

nominal defendants, and that the only allegations concerning the nominal defendants are that they are necessary parties. Thermal Defendants state that Martinsville Thermal's sole member is Thermal Ventures II, LP, whose citizenship is Ohio and whose partners are three corporations: the general partner is Yorktown Thermal GP, Inc., who is a citizen of both Delaware (where it was incorporated) and Ohio (where it maintains its headquarters and principal place of business); one limited partner is Yorktown Thermal, Inc., who is a citizen of both Delaware (where is was incorporated) and New York (where it maintains its headquarters and principal place of business); and the remaining limited partner is Thermal Ventures, Inc., who is a citizen of both Delaware (where it was incorporated) and Ohio (where it maintains its headquarters and principal place of business). Therefore, Martinsville Thermal is a citizen of Ohio and diversity is complete.

## II.

Realignment of the parties is proper in this action. Diversity jurisdiction is not something that the parties confer upon the court, but it is the court's duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." Dawson v. Columbia Trust Co., 197 U.S. 178, 180 (1905); see also See Indianapolis v. Chase National Bank, Trustee, 314 U.S. 63, 80 (1941); 28 U.S.C. § 1332. . Therefore, the court must first determine the "principal purpose of the suit," East Tennessee , V.&G.R. v. Grayson, 119 U.S. 240, 244 (1886), and the "primary and controlling matter in dispute," Merchants' Cotton Press Co. v. Insurance Co., 151 U.S. 368, 385 (1894), in order to realign the parties. The Fourth Circuit has adopted this test. U.S. Fidelity and Guaranty Co. v. A&S Manufacturing Co., Inc., 48 F.3d 131, 133 (4th Cir. 1995) ("The pleadings and the nature of the suit clearly manifest the proper alignment of the dispute.").

4

Second, the court must determine whether any nominal defendants are named in the action as "[t]he doctrine of realignment permits and requires a nominal defendant to be treated as a plaintiff for the purpose of defining the real controversy, where no real cause of action is asserted against him by the plaintiff []." Indianapolis, 314 U.S. at 80. Therefore, if the court determines nominal defendants exist in an action, then the court must realign the parties according to the primary controversy, and "[i]f the alignment differs from that of the complaint, the court must determine whether complete diversity continues to exist." U.S. Fidelity and Guaranty Co., 48 F.3d at 133.

In the case at bar, defendants ask the court to realign three nominal defendants as plaintiffs—Hooker, Resurgence, and EJS—for diversity purposes. Dawson, 197 U.S. at 180. Thermal Defendants bring to the court's attention that no real cause of action is asserted by plaintiffs against the nominal defendants; and that the plaintiffs admit these defendants were named in this action solely because they are servient tenements to the easement at issue. See Indianapolis, 314 U.S. at 80. Plaintiffs admit that these facts are true, but contend that realignment is futile for diversity purposes because Martinsville Thermal should be considered a citizen of Virginia. The court will address the citizenship of Martinsville Thermal in the following section of this opinion.

This court is governed by the principal purpose test applied by the Fourth Circuit in U.S. Fidelity and Guaranty Co. to determine whether realignment is proper. 48 F.3d 131, 133. In the matter before the court, it is clear and undisputed that the principal purpose and primary issue in dispute is whether an easement for steam held by Martinsville Thermal and that runs across the plaintiffs' and nominal defendants' property should be extinguished. Moreover, the nominal

5

defendants answered plaintiffs' petition and responded to the court's questions by requesting that the plaintiffs' relief be granted to the extent that the court extinguish the easement. See East Tennessee, V.&G.R., 119 U.S. at 244; Merchants' Cotton Press Co., 151 U.S. at 385; U.S. Fidelity and Guaranty Co., 48 F.3d at 133. All parties have stipulated that there are nominal defendants—Hooker, Resurgence, and EJS—who plaintiffs have asserted no cause of action against and whose interests are more aligned with the plaintiffs. See Indianapolis, 314 U.S. at 80; U.S. Fidelity and Guaranty Co., 48 F.3d at 133. Based on these facts, the court must realign these three nominal defendants as parties plaintiff.

### III.

Plaintiffs maintain that realignment of the nominal defendants is pointless because even after realignment complete diversity does not exist. Plaintiffs argue this on grounds that Martinsville Thermal is really a Virginia citizen who should therefore be treated as a corporation for diversity purposes. In Carden v. Arkoma Assocs., 494 U.S. 185 (1990), the Court held that all non-corporate artificial entities should not be treated the same as corporations despite how similar an entity might appear to a corporation; and therefore, for citizenship purposes an entity other than a corporation should be considered a citizen of its members as opposed to the state under whose laws it was created. Id. at 187-97. Thus, an LLC is not an incorporated entity although it offers many of the same liability benefits. See, e.g., id., at 189; Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121-122 (4th Cir. 2004); Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006).

In General Technology Applications, Inc., the Fourth Circuit followed Carden by refusing to extend the corporation exception to other entities. 388 F.3d 114, 121. The court found that to

determine whether diversity was complete it had to look at the citizenship of the members of the limited liability company at issue. Id. at 120. The court reasoned that when the citizenship of an LLC is at issue, although

> a manager-managed limited liability company looks and acts somewhat like a corporation, especially with regard to derivative actions and members' claims, this argument misses the mark. A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. [ ] It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.

Id. at 121 (internal citations omitted).

Therefore, this court must follow Fourth Circuit precedent. In the case at bar, Martinsville Thermal is clearly an LLC and not a corporation, so the corporate citizenship test does not apply to it. Id. The court must look to the citizenship of its sole member, Thermal Ventures II, LP to determine its citizenship; and the member is a citizen of Ohio. Id. Accordingly, the court finds that upon realigning the nominal defendants, complete diversity of the parties exists.

## IV.

For the reasons stated, the court will grant defendants' motion to realign nominal defendants Hooker, Resurgence, and EJS as parties plaintiff; and denies plaintiffs' motion to remand.

**ENTER**: This 19th day of May, 2006.

*/s/ James C. Turk*
SENIOR UNITED STATES DISTRICT JUDGE

7